Filed 12/22/25  P. v. Vasquez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B340021 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA132627) |
| v. | |
| BENJAMIN GARCIA VASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Rogelio Delgado, Judge.  Reversed and remanded with directions.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

The trial court denied defendant Benjamin Garcia Vasquez's motion for mental health diversion pursuant to Penal Code[1] section 1001.36, and sentenced him to three years imprisonment following his no contest plea to battery with injury on a peace officer. Vasquez claims, the Attorney General agrees, and we concur that the trial court misapplied section 1001.36's statutory criteria when denying him diversion. We conditionally vacate Vasquez's no contest plea and sentence, and remand for the trial court to reconsider the motion for mental health diversion under the applicable criteria.

## FACTUAL AND PROCEDURAL BACKGROUND

As Vasquez pleaded no contest, we summarize his offense conduct from evidence presented at the preliminary hearing. On March 27, 2023, a tenant observed Vasquez sitting next to trash bins she kept on the side of her residence; the tenant's relative told her Vasquez had defecated next to the trash cans. Vasquez refused to leave the property when asked and hurled a brick-sized metal object at the landowner. When a deputy with the Los Angeles County Sheriff's Department responded, Vasquez struck the deputy in the face with a ball of wire, and again on the top of the head, before being subdued. Vasquez's actions caused abrasions to the deputy's face and knuckles.

At the time he battered the deputy, Vasquez was on probation for a 2021 conviction for assault with a deadly weapon (§ 245, subd. (c)). The court held a probation revocation hearing along with the preliminary hearing and revoked Vasquez's probation.

---

[1] Unspecified statutory references are to the Penal Code.

An information filed on June 27, 2023, charged Vasquez with one count of battery with injury on a peace officer (§ 243, subd. (c)(2)) and further alleged Vasquez's 2021 assault with a deadly weapon conviction qualified as a prior strike under the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).

On April 5, 2024, Vasquez filed a motion for pretrial mental health diversion under section 1001.36. The motion included a written evaluation from psychologist Dr. Efrain Beliz, Jr., and a conditional letter of acceptance for a treatment program at the Los Angeles Restoration Church. Dr. Beliz's evaluation stated that Vasquez met the recognized diagnostic criteria for stimulant use disorder, alcohol use disorder, cannabis use disorder, and delusional disorder. Dr. Beliz observed that Vasquez attended two substance abuse rehabilitation programs in the past; Vasquez said he left the first one without completing it "because I felt they were torturing me." Dr. Beliz opined that Vasquez's disorders remained active, that they were the primary cause of his behavior, and that Vasquez was amenable to treatment. Dr. Beliz concluded that Vasquez posed minimal risk of future violent behavior provided Vasquez did not resume abusing substances and adhered to substance abuse treatment, random toxicology screening, anti-craving medication, and housing assistance.

At a hearing on August 6, 2024, the court denied the request for diversion. The court explained it was "cognizant of the fact that the defendant is on probation and the strike case is the probation case," and recognized that Vasquez was "suffering from some type of abuse/mental illness issue. Looking at the prior record of the probation violation, he was sent to a program . . . . He was given a couple of chances, [but] couldn't complete it for whatever reason. So the court is cognizant of that.

3

And counsel did file a motion for mental health diversion.  So that should be noted on the record.  But this court has decided to deny that motion due to the fact . . . he is not suitable due to his prior history and the fact he was due for sentencing on the probation violation itself."

Vasquez pleaded no contest to the sole charge against him. The court struck the prior strike allegation and sentenced Vasquez to the upper term of three years for the battery charge, along with a concurrent low term sentence of three years for the probation violation.

Vasquez filed a timely notice of appeal, and the trial court granted Vasquez's request for a certificate of probable cause to appeal the denial of his motion for mental health diversion.

## DISCUSSION

### A.    Standard of Review

We review a ruling on a motion for mental health diversion for abuse of discretion and the facts underlying that ruling for substantial evidence.  (*People v. Whitmill* (2022) 86 Cal.App.5th 1138, 1147.)  " 'A court abuses its discretion when it makes an arbitrary or capricious decision by applying the wrong legal standard [citations], or bases its decision on express or implied factual findings that are not supported by substantial evidence.' " (*Ibid.*)

4

**B.     The Trial Court Erred When Analyzing Vasquez's Suitability for Diversion**

Section 1001.36[2] contemplates a two-step analysis in which the trial court first determines whether Vasquez is eligible for diversion, and if he is eligible then whether he is suitable for such relief. Vasquez's eligibility for diversion was not disputed. As his offense did not render him categorically ineligible (§ 1001.36, subd. (d)), his eligibility was governed by section 1001.36, subdivision (b). The trial court found, and substantial evidence supports, that Vasquez was eligible for diversion. He suffered from mental health issues, and the court did not find by clear and convincing evidence (as section 1001.36, subdivision (b)(2) requires to find a defendant ineligible) that Vasquez's mental health conditions were not a motivating, causal, or contributing factor to his offense.

Because Vasquez "satisfie[d] the eligibility requirements in subdivision (b)," the court was next to "consider whether [Vasquez] is suitable for pretrial diversion." (§ 1001.36, subd. (c).) The court found that Vasquez was not suitable, but when reaching that conclusion it misapplied the appropriate statutory criteria.

Section 1001.36, subdivision (c) sets forth four criteria, all of which must be met, for a court to find a defendant suitable for diversion. The first two are not at issue here: Dr. Beliz opined the symptoms that contributed to Vasquez's criminal behavior

---

[2] While this appeal was pending, the Legislature amended section 1001.36, with the changes effective as of January 1, 2025. (Stats. 2024, ch. 646, § 1, ch. 647, § 1.5.) We cite to the current version of the statute as those amendments do not impact Vasquez's appeal.

would respond to mental health treatment (*id.*, subd. (c)(1)), and Vasquez consented to diversion and waived his right to a speedy trial (*id.*, subd. (c)(2)).

The remaining two criteria are whether Vasquez would "pose an unreasonable risk of danger to public safety," meaning that he was likely to commit a so-called super-strike offense,[3] "if treated in the community" (§ 1001.36, subd. (c)(4)), and whether Vasquez "agree[d] to comply with treatment as a condition of diversion" (*id.*, subd. (c)(3)). The court's order denying diversion, however, was untethered to either of these criteria, and said only that Vasquez was not suitable "due to his prior history" without further elaboration as what that meant, "the fact [Vasquez] was due for sentencing on the probation violation itself," and that Vasquez was previously "sent to a program, the [Los Angeles] Restoration Church" where "[h]e was given a couple of chances[ but] couldn't complete it for whatever reason."

With regard to an unreasonable risk of danger to public safety (§ 1001.36, subd. (c)(4)), the court's reference to Vasquez's "prior history" and that he "was due for sentencing on the probation violation itself" indicate only that Vasquez had a prior strike for assault with a deadly weapon, and had battered a police officer while on probation for the strike offense. Neither of Vasquez's two prior offenses are super strikes or indicative that Vasquez is likely to commit a future super-strike offense. (*Sarmiento v. Superior Court* (2024) 98 Cal.App.5th 882, 897; *People v. Whitmill, supra*, 86 Cal.App.5th at p. 1151.) The court accordingly did not adhere to the statutory criteria governing dangerousness because it did not determine whether Vasquez

---

[3] See *People v. Whitmill, supra*, 86 Cal.App.5th at p. 1149.

was likely to commit a super-strike offense if treated in the community.

To the extent the court's comments were meant to assess the bona fides of Vasquez's agreement "to comply with treatment as a condition of diversion" (§ 1001.36, subd. (c)(3)), it appears to have confused the facts. Vasquez did previously seek drug abuse treatment, but nothing in the record indicates that prior treatment was at the Los Angeles Restoration Church. Instead, that church was the provider willing to treat him as part of this case, which did not occur because the court denied diversion. Further, if the court's statements about "prior history" and Vasquez's inability to complete a prior treatment program referred to the prior efforts at treatment referenced in Dr. Beliz's report, the court stated it did not know anything about why Vasquez could not complete that previous treatment. These limited facts were therefore not substantial evidence that Vasquez would not follow through with his current agreement to treatment. If the court lacked necessary information, section 1001.36, subdivision (e) permitted it to require an additional showing from Vasquez, but the court made no such inquiry.

We finally note that the court had residual discretion to deny the motion for diversion even if Vasquez met all the express criteria for suitability. (*Sarmiento v. Superior Court*, *supra*, 98 Cal.App.5th at p. 892.) "But this 'residual' discretion must be exercised ' "consistent with the principles and purpose of the governing law." ' [Citations.] That purpose includes a strong legislative preference for treatment of mental health disorders because of the benefits of such treatment to both the offending individual and the community. Where the court chooses to exercise this residual discretion to deny diversion, its statement

of reasons should reflect consideration of the underlying purposes of the statute and explain why diversion would not meet those goals." (*Id.* at pp. 892-892.) The court's statement of reasons does not reflect that it was exercising its residual discretion, as its reasoning does not reflect considerations such as the underlying purposes of the statute or an explanation of why diversion would not meet those goals.

Vasquez requests that in light of the error in applying section 1001.36 we reverse the trial court's ruling and remand with directions for the court to grant diversion. We agree, however, with the Attorney General that the better course is to conditionally vacate Vasquez's no contest plea and sentence, and remand the matter with directions to the trial court to hold a new hearing to determine Vasquez's motion for mental health diversion using the criteria set forth in section 1001.36. (See, e.g., *People v. Qualkinbush* (2022) 79 Cal.App.5th 879, 892; *People v. Moine* (2021) 62 Cal.App.5th 440, 452.)

## DISPOSITION

The judgment of conviction is conditionally reversed.  The matter is remanded for the trial court to consider whether Vasquez is eligible and suitable for mental health diversion.  If the court determines mental health diversion is appropriate, it shall so order.  If the court denies the motion for mental health diversion, it shall reinstate the no contest plea, conviction, and sentence.

NOT TO BE PUBLISHED


WEINGART, J.


We concur:



ROTHSCHILD, P. J.



M. KIM, J.